RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12 / 5 / 11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EDDIE MILTON GAREY, JR. | CIVIL ACTION NO. 11-914; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| WARDEN SHERROD, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of *habeas corpus* filed by *pro se* petitioner Eddie Milton Garey, Jr., pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the United States Bureau of Prisons, and he is incarcerated at the United States Penitentiary in Pollock, Louisiana. He challenges three disciplinary convictions for which he lost good time credit.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the reasons that follow, it is recommended that the petition be denied and dismissed with prejudice.

### *Factual Background*

Petitioner alleges that he arrived at USP-Pollock on or around March 16, 2011, with two boxes of legal documents relating to his criminal case from the Middle District of Georgia, as well as criminal matters in Florida state courts. On April 7, 2011, Petitioner received another box of legal papers pertaining to an appeal pending in the 11th Circuit, case number 10-13896.

On May 28, 2011, several violent outbreaks took place at

Pollock. Inmates were on lockdown until approximately June 2, 2011. On June 3, 2011, the warden - in retaliation for Petitioner filing administrative remedies and in a conspiracy with the U.S. Attorneys who prosecuted Petitioner - seized all of Petitioner's legal documents. After checking Petitioner's property, his document were not returned. Other inmates' documents were returned to those inmates. Petitioner was not provided with an inmate confiscation receipt for his documents. Therefore, Petitioner refused to eat until all of his legal documents are returned. He filed the instant petition seeking:

> "a writ of habeas corpus directing the warden to return all of the legal documents related to his pending court cases that will fit in his assigned locker and for an order directing Garey's immediate release from the custody of the United States or for an order directing the warden to transfer Gary and his legal documents to an institution where he can possess them and use them to challenge the legality of his conviction." Doc. #1, p.5-6]

Plaintiff also seeks the reversal of disciplinary convictions from November 5, 2008, April 2, 2010, and December 3, 2010, which occurred at other federal prisons, and the restoration of over sixty days of good time. [Doc. #1, p.6]

### Law and Analysis

**1.   Injunctive Relief**

Petitioner's request for a writ of habeas corpus directing the warden to return his legal documents or to transfer Petitioner to another facility should be dismissed. Such requests for injunction

2

cannot be raised by way of a petition for writ of habeas corpus. See Hernandez v. Garrison, 916 F.2d 291, 292-93 (5th Cir. 1990)(prisoner sought a transfer to another correctional facility; court noted that "[t]his type of injunctive relief is not a proper subject for a habeas corpus petition."); Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993)("Rourke cannot avail himself of the writ of habeas corpus when seeking injunctive relief unrelated to the cause of his detention."); see also Moore v. King, 2009 WL 122555, * 1 (5th Cir. 2009)(citing Pierre v. United States, 525 F.2d 933, 935 (5th Cir. 1976)("Simply sated, habeas is not available to review questions unrelated to the cause of detention.")); Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir.1979)("Habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration."). Petitioner's general request that he be released in lieu of being transferred, lacks any arguable basis whatsoever. His request for transfer or for the return of documents are not properly raised in this habeas petition.

2.  **Disciplinary Convictions**

    a.  **Incident Report #1770777 / Appeal #514321**

According to documents submitted by Petitioner, on August 25, 2008, Officer D. Tackett found a homemade weapon between the lower locker and the wall of Petitioner's cell. Petitioner was the only inmate assigned to the cell in which the weapon was found.

3

Nonetheless, another inmate admitted that the weapon was actually his.

Petitioner claims that the weapon was actually found on August 21, 2008, and the report was not written and provided to Petitioner until four days later. Petitioner alleges that the incident report was supposed to be written within 24 hours of the time staff became aware of the incident in accordance with 28 C.F.R. §541.15(a).

Additionally, Petitioner complain that the disciplinary committee hearing was not held until September 18, 2008, twenty-seven days after Petitioner states the weapon was discovered. Petitioner also claims that the incident report was altered on September 26, 2008 and again on October 3, 2008 without any additional hearing taking place or any notice to Petitioner.

Petitioner also complains that he was never advised in writing that he had to search the 1/4 inch space between or underneath the wall and lockers. Nor was he advised in accordance with 28 C.F.R. §541.11 of the types of disciplinary actions that may be taken by staff, the time limits relevant to the disciplinary system, the rights and responsibilities of the inmate, or the severity scale of prohibited acts. [Doc. #5 p.10-11] Petitioner further complains that the regional director overlooked the fact that the disciplinary hearing officer rested his finding on the mere fact that the unauthorized item was found between the wall and the locker mounted to the wall in the cell Garey had been assigned to.

4

This, Petitioner claims, was a violation of due process. Petitioner lost thirteen days of good time as a result of the incident.

First, Petitioner misstates 28 C.F.R. §541.15(a) and (b), which provide:

> (a) Staff shall give each inmate charged with violating a Bureau rule a written copy of the charge(s) against the inmate, **_ordinarily within 24 hours_** of the time staff became aware of the inmate's involvement in the incident. (Emphasis added.)
>
> (b) Each inmate so charged is entitled to an initial hearing before the UDC, **_ordinarily held within three work days_** from the time staff became aware of the inmate's involvement in the incident. This three work day period excludes the day staff became aware of the inmate's involvement in the incident, weekends, and holidays.

Contrary to Petitioner's assertion, this language does not **_require_** staff to provide a copy of the charges to an inmate within 24 hours or hold a hearing within three work days. Even if the Bureau of Prisons failed to comply with the regulations, it is well-settled that the agency's failure to comply with their own regulations does not necessarily state a constitutional claim. See <u>Jackson v. Cain</u>, 864 F.2d 1235, 1251 (5th Cir. 1989)(failure to follow procedural regulations "does not establish a violation of due process, because constitutional minima may nevertheless have been met" (internal quotation and citation omitted)).

Federal prisoners have a liberty interest in their accumulated good-time credit. See <u>Henson v. U.S. Bureau of Prisons</u>, 213 F.3d

5

897, 898 (5th Cir. 2000). Therefore, since Petitioner claims that he lost good time credits, the analysis approved by the Supreme Court in <u>Wolff v. McDonnell</u>, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) and <u>Superintendent, Massachusetts Correctional Institution v. Hill</u>, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), governs this review of the contested disciplinary proceeding.

In <u>Wolff</u>, the Court held that, although the rights of a prisoner "...may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime." Nevertheless "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." <u>Id.</u> at 555-556. Accordingly, in order for a prison disciplinary proceeding to comport with the requirements of due process the following minimal procedural safeguards must be afforded: ***(1) adequate notice*** of the alleged violation;(2) an ***opportunity to present evidence***,(3) ***written findings*** in support of the ruling; and (4) the requirement that upon review, ***"some evidence" support the ruling***. <u>Superintendent, Massachusetts Correctional Institution v. Hill</u>, 472 U.S. 445, 454 (1985); <u>Wolff</u>, *supra*, at 556.

*1. Adequate notice*

Based upon the evidence supplied by Petitioner, it appears that he was given adequate (even if untimely) notice of the alleged violation. The written notice informed him of the specific charge as well as the evidence supporting the charge, and the notice enabled him to prepare any defense he desired. [Doc. 5, p.34, 42,]

*2. Opportunity to Present Evidence*

A hearing was held on November 5, 2008, at which Petitioner acknowledged receipt of a copy of the incident report and that he understood his rights before the hearing officer. He was afforded the opportunity to present evidence on his own behalf, and he called Inmate Wilson as a witness. Wilson said that he "was going to take it and say it was his. However, the DHO recognized apprehension in his statement...." [Doc. #5, p.42] When the DHO questioned Wilson about the basic description of the weapon, it was clear to him that Wilson had never seen the weapon and had no knowledge of it. [Doc. #5, p.42]

*3. Written Findings*

The DHO made written findings, and Petitioner was clearly provided with a copy, as it was attached as an exhibit to his petition. [Doc. #5, p.43-44]

*4. Some Evidence*

Finally, there is "some evidence" supporting the ruling. The weapon was found in Petitioner's cell. "In general, a person has

7

constructive possession if he knowingly has ownership, dominion, or control over the contraband itself **or** over the premises in which the contraband is located." See United States v. McKnight, 953 F.2d 898, 901 (5th Cir. 1992); see also, Flannagan v. Tamez, 368 Fed.Appx. 586 (5th Cir. 2010)("Furthermore, the fact that four other inmates shared the same common living area does not prevent the DHO from finding constructive possession since constructive possession 'may be joint amount several individuals.' citing United States v. Riggins, 563 F.2d 1264, 1266 (5th Cir. 1977)).

    b.    **Incident Report #1988963 / Appeal #626358**

Next, Petitioner alleges that Unit Manager Hope Chance "began a retaliation campaign against Petitioner where she would repeatedly direct Garey to stop making any reference to her falsifying the Unit Admission and Orientation Forms." In retaliation for Garey exercising his rights to freedom of the press, Chance placed Inmate Cleveland Kegler (an inmate with a history of possessing weapons and assault) in the cell with Petitioner over his objections. Shortly thereafter, the institution went on lockdown to punish the inmates for complaining to the media that the warden was "using inmates as test subjects in the governments radiation experiment." [Doc. #5, p. 16]

On March 10, 2010, officials found a piece of sharpened steel in Inmate Kegler's locker, along with approximately 70 books of stamps. Despite Kegler "immediately and vehemently" admitting to

8

ownership of the contraband, Petitioner was still charged with code violations. [Doc. #5, p.17] Ultimately, Petitioner was found not guilty of those code violations. However, while those charges were pending, Officer Kute tried to force Petitioner to accept a food tray. Petitioner "crushed the food tray and dropped it on the floor." The officer claimed that Petitioner reached out of the tray slot, grabbed his hands and the tray, applied enough pressure to crush the tray, and threw the food tray at the officer's feet. [Doc. #5, p.50] The officer stated that Petitioner began yelling obscenities at him. Petitioner was charged with disciplinary violation of assaulting any person and threatening another with bodily harm. Petitioner admitted that he "was insolent and disrespectful" but maintained that he never made any threats. After hearing on the charges, the hearing officer found Petitioner guilty of assault, but not guilty of the threatening. Petitioner was sanctioned with 27 days good time.

As stated above, the only process due is **(1) adequate notice** of the alleged violation; (2) an **opportunity to present evidence**, (3) **written findings** in support of the ruling; and (4) the requirement that upon review, **"some evidence" support the ruling**. Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454 (1985); Wolff, *supra*, at 556.

Petitioner does not dispute that he received adequate notice

of the alleged violation. He was afforded the opportunity to present evidence. Petitioner's witnesses were not available, and he waived their appearances. The staff representative was also not available, but Petitioner chose to waive the right to staff representative and to proceed with the hearing.[1] Petitioner does not dispute that he received written findings, and based on Petitioner's own admissions, there is at least "some evidence" to support the DHO's findings.

Petitioners complaints regarding the violation of his First Amendment rights or other civil rights cannot be raised in a habeas corpus proceeding.

### c.   Incident Report 1988963 / Appeal #625444

Petitioner states that on October 21, 2010, "an inmate serving the personal interests of USP-Big Sandy unit manager Hope Chance, threw a punch at Garey, grabbed him and continued to punch Garey in the face while he was in the dining hall...." [Doc. #5, p.21] Petitioner received a bloody nose and cuts to his mouth, and he was charged with fighting in violation of Code 201. On December 3, 2010, Petitioner was found guilty of fighting, and he lost 27 good time days. Petitioner sought to appeal the conviction, but Officer Chance refused to supply him with postage to mail the appeal. Petitioner complains that his being subjected to retaliation,

---

[1] Petitioner claims that he waived this right because he understood that he would be transferred to a medium security facility. This makes no difference, as Petitioner has no right to be housed at any particular facility. Olim v. Wakinekona, 461 U.S. 238, 244-46, 75 L. Ed. 2d 813, 103 S. Ct. 1741 (1983)

denial of access, and other alleged civil rights violations, prevented him from timely appealing his disciplinary conviction. Thus, the conviction should be expunged and good time restored.

Again, the process due is **(1) adequate notice** of the alleged violation;(2) an **opportunity to present evidence**,(3) **written findings** in support of the ruling; and (4) the requirement that upon review, **"some evidence" support the ruling**. <u>Superintendent, Massachusetts Correctional Institution v. Hill</u>, 472 U.S. 445, 454 (1985); <u>Wolff</u>, *supra*, at 556. Petitioner received notice, the opportunity to present evidence, and written findings. There was clearly "some evidence" in support of the DHO's decision, as Petitioner admits he was involved in a fight (although he claims his participation was self-defense). Petitioner's real grievance here is with regard to complaints that he was denied access to the courts, was subjected to excessive force and/or cruel punishment, was subjected to retaliation, and unconstitutional conditions of confinement. Such claims raise civil rights issues and cannot be raised in a habeas petition.

### *Conclusion*

For the foregoing reasons **IT IS RECOMMENDED** that the Petition be denied and dismissed with prejudice.

**Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have fourteen**

11

(14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 5th day of December, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE